IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cornell Jermaine Wigfall, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 4:20-cv-3529-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| District Court of the United States, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner Cornell Jermaine Wigfall ("Petitioner"), a non-prisoner *pro se* litigant, commenced this action on October 6, 2020. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a magistrate judge for pretrial handling.

On October 19, 2020, the magistrate judge issued an order granting Petitioner twenty-one (21) days to bring the case into proper form and to advise the court, in writing, as to the type of action Petitioner wishes to pursue. (ECF No. 5 at 1). Specifically, the magistrate judge noted that, although Petitioner captioned his action as a petition for writ of habeas corpus, *see* (ECF No. 1), Petitioner is not in custody and has failed to name a proper respondent. (ECF No. 5 at 1). Additionally, the magistrate judge recognized that some of the documents Petitioner filed indicate he seeks to recover monetary damages. *Id*. Accordingly, the magistrate judge advised Petitioner that monetary relief is not available in a habeas action, but may be pursued in an action under 42 U.S.C. § 1983. *Id*. The magistrate further warned Petitioner that, to the extent "he is attempting to pursue theories presented by redemptionist and sovereign citizen adherents, such theories have been recognized by the courts as frivolous and a waste of court resources." *Id*. Finally, the

1

magistrate judge noted that it is unclear from Petitioner's filings what address the court should use to communicate with him and ordered Petitioner to file a statement indicating his preferred address and to keep the court informed as to his current address at all times. *Id*. at 1–2. The order warned Petitioner that failure to provide the necessary information to bring the case into proper form within the time permitted or to inform the court of his preferred address or any change thereto may subject the case to dismissal. *Id*. at 1, 2.

On November 16, 2020, Petitioner sent a letter to the court identifying his mailing address as 505 North Highway 52, Suite D #308, Moncks Corner, SC 29461 and requesting additional time to respond to the proper form order. (ECF No. 12). The court granted Petitioner's request, extending the deadline for Petitioner's response by thirty (30) days. (ECF No. 13). The order was mailed to Petitioner on November 17, 2020, (ECF No. 14), and was not returned to the court as undeliverable. Despite the additional time granted, Petitioner filed no further response to the proper form order.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to comply with court orders. (ECF No. 19). In the Report, the magistrate judge set forth the relevant facts and legal standards, which are incorporated herein by reference. *See id*. Petitioner was advised of his right to file objections to the Report. *Id*. at 2. However, Petitioner has not filed any objections and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court

is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court adopts the Report in its entirety (ECF No. 19), and incorporates it herein. Thus, the court finds that the Petition is subject to dismissal for failure to prosecute and to comply with court orders under Federal Rule of Civil Procedure 41(b).[1] Accordingly, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED with prejudice** and without issuance and service of process.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

---

[1] Additionally, the court finds that this Petition is moot and further subject to dismissal because Petitioner is not in custody. *See* (ECF Nos. 1; 12).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 2, 2021

4